UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:18-cv-2841 JAM DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SCOTT KERNAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction, claiming several violations of his due process rights. Presently before the court is respondent's fully briefed motion to dismiss. (ECF Nos. 18, 19, 20.) For the reasons set forth below the court will recommend that the motion be granted.

**BACKGROUND**

**I.     State Proceedings**

Petitioner received a prison rule violation report dated April 22, 2015. The inmate appeal process challenging the disciplinary decision was completed on August 16, 2016 when petitioner received the third level appeal decision. (ECF No. 1 at 22.) Petitioner filed[1] a petition for writ of

---

[1] Pursuant to the "mailbox rule," prisoners are deemed to have filed documents with the court on the date they gave them to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266,

1  habeas corpus in the Solano County Superior Court on August 20, 2016.  (ECF No. 18 at 17.)

2  The superior court denied his petition on October 26, 2016.  (ECF No. 18 at 57-59.)

3        Petitioner filed an appeal of the denial that the California Court of Appeal for the First

4  Appellate District construed as a petition for writ of habeas corpus on March 6, 2018.  (ECF No.

5  18 at 62.)  The Court of Appeal denied the petition on May 2, 2018.  (ECF No. 18 at 70.)

6  Thereafter, petitioner filed a petition for review in the California Supreme Court on May 14,

7  2018.  (ECF No. 18 at 70.)  The petition was summarily denied on June 20, 2018.  (Id.)

8     **II.**     **Federal Habeas Proceedings**

9        Petitioner filed the instant petition on October 17, 2018.  (ECF No. 1.)  Petitioner alleges

10 that he is entitled to habeas relief because he was deprived of the right to due process in

11 connection with the April 22, 2015 rules violation report.

12       The court screened the petition and directed respondent to file a responsive pleading.

13 (ECF No. 13.)  Thereafter, respondent filed the instant motion to dismiss.  (ECF No. 18.)

14 Plaintiff filed an opposition (ECF No. 19) and respondent filed a reply (ECF No. 20).

15                          **MOTION TO DISMISS**

16       Respondent argues that the petition should be dismissed as untimely.  (ECF No 18.)

17 Petitioner opposes the motion arguing he is entitled to equitable tolling because did not receive

18 the superior court's denial, he has mental health issues, and is unskilled in the law.  (ECF No. 19.)

19    **I.**     **Legal Standards Motion to Dismiss**

20       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

21 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

22 entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254 Cases; see also

23 White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted

24 under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly

25 allows a district court to dismiss summarily the petition on the merits when no claim for relief is

26 stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D.

27

28 270 (1988).  All of petitioner's filings have been given the benefit of the mailbox rule.

Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim).  Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed.  See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008).  However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

**II.     Statute of Limitations**

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

U.S.C. § 2244(d)(1).

Where "a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one-year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.'" Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir.2012) (quoting 28 U.S.C. §

2244(d)(1)(D)).  See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir.2004) (holding that the statute of limitations begins to run when the petitioner's administrative appeal was denied); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period).  In the present case, the statute of limitations began running once petitioner's administrative appeal process was completed.

### III.    Statutory Tolling

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennet, 531 U.S. 4, 8 (2000).  Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been issued.  Nedds, v. Calderon, 678 F.3d 777, 780-81 (9th Cir. 2012).  However, "[a] petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory tolling because the petition would not be considered pending, or properly filed, within the meaning of § 2244(d)."  Id. at 780 (internal quotations and citations omitted).

Additionally, the limitations period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending."  Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999) overruled on other grounds by Carey v. Saffold, 536 U.S. 214, 225-27 (2002) (holding a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing).

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").  The filing of a federal habeas petition does not toll

4

the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Nor is there tolling between finality of a direct appeal and the filing of a federal petition. Nino, 183 F.3d at 1006-07.

**IV.  Equitable Tolling**

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Waldron-Ramsey, 556 F.3d at 1011. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

The diligence prong in Pace requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. Mendoza v. Carey, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006) (stating that equitable tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence"). The petitioner must also show reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances and the failure to file [is] broken." Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003). The "extraordinary circumstances" prong in Pace

5

requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted).

### V.     Analysis

#### A.  The Petition is Untimely

As respondent alleges, the statutory time period for this case began on August 18, 2016, the day after the denial of petitioner's inmate appeal became final. (ECF No. 18 at 4.)  Petitioner filed a petition in the superior court two days later.  The statute of limitations was tolled while the petition was pending before the superior court, from August 20, 2016 to October 26, 2016 when the superior court denied the petition.  Then, the statute of limitations ran from October 26, 2016 until petitioner filed a petition in the California Court of Appeals on March 6, 2018, a period of 496 days.

Respondent argues that the 496-day delay between the denial of petitioner's superior court petition and petitioner's filing in the Court of Appeal is unreasonable, and petitioner is therefore not entitled to tolling during that interval. (ECF No. 18 at 4.)  The statute of limitations is tolled during the time a properly filed petition is pending in state court. 28 U.S.C. § 2244(d)(2).  Here, petitioner did not have a properly filed petition pending for 496 days.  The petitions filed in the California Court of Appeal and the California Supreme Court were filed after a 496-day delay.  Thus, they were filed outside the one-year statute of limitations and cannot revive the statute of limitations and do not have any tolling effect.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Accordingly, petitioner's federal petition was filed outside of the limitations period, and is untimely unless he can show that he is entitled to equitable tolling.

#### B.  Delay in Receiving Superior Court Ruling

Petitioner argues he is entitled to equitable tolling because he was not aware the superior court denied his petition.  "'[A] prisoner's lack of knowledge that the state courts have reached a

6

final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter.'" Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (citations omitted). To determine if a petitioner is entitled to equitable tolling on this basis, courts must consider (1) the date the petitioner actually received notice, (2) whether the petitioner acted diligently in obtaining notice and (3) "whether the alleged delay of notice caused the untimeliness of his filing and made a timely filing impossible[.]" Id. at 998. The burden is on petitioner to demonstrate that equitable tolling is appropriate. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (citing Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005)).

Petitioner argues he is entitled to equitable tolling because he did not receive timely notice of the superior court's denial. (ECF No. 19 at 3.) In support of his argument, petitioner claims that prison mail logs would show that he did not receive the superior court's ruling. (Id.) However, defendants argue in their reply that prison mail logs show petitioner received legal mail from the Solano County Superior Court on November 4, 2016, approximately a week after that court issued its denial of the petition. (ECF No. 20 at 3.) They further allege that there is nothing to indicate that petitioner had multiple cases pending in the Solano County Superior Court at that time. (Id.) Thus, respondent has put forth evidence showing it is possible petitioner received the superior court's ruling in November 2016.

Petitioner states that he did not learn of the superior court's ruling until approximately fifteen months after the court denied his petition. (ECF No. 19 at 2, 3.) However, he has not indicated the specific date when he learned of the court's denial or received its ruling. Thus, petitioner has not provided a "a specific time-frame for when [the] state-created impediment to filing . . . was removed." Felix v. Baker, 589 Fed.Appx. 382, 383 (9th Cir. 2015). Even assuming petitioner did not receive the superior court's decision on November 4, 2016, petitioner has not provided specific information regarding when he learned that the superior court denied his petition. Accordingly, the court cannot determine when the impediment to filing was removed.

Respondent further argues that even if the superior court delayed sending its ruling, petitioner is not entitled to equitable tolling because he did not "diligently seek relief from that delay." (ECF No. 20 at 3.) Petitioner alleges in his opposition that he sent an inquiry letter on

7

April 8, 2017, but he did not receive a response. (ECF No. 19 at 2.) Petitioner then waited several more months before filing a notice of appeal in both the superior court and the California Court of Appeal on October 4, 2017. (ECF No. 19 at 2.) Petitioner has acknowledged that he was informed, via letter, that the superior court would issue a ruling within sixty days. (ECF No. 19 at 2, 36.) However, he waited approximately eight months before inquiring about the status of his petition. In light of the superior court's letter to petitioner stating that it would issue a decision on his petition within sixty days, petitioner waiting approximately eight months before sending a letter of inquiry, then waiting another six months to file an appeal does not show that he was diligently pursuing his claim and he is therefore not entitled to equitable tolling. Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003) (finding equitable tolling unavailable when the petitioner failed to exercise reasonable diligence under the circumstances that he faced); Guillory v. Roe, 329 F.3d 1015, 1016 (9th Cir. 2003) (in the absence of diligent effort, extraordinary circumstance did not mandate equitable tolling).

Additionally, petitioner has not provided any explanation for the delay between receiving the California Supreme Court's denial of his petition for review on June 20, 2018 and filing the instant federal petition on October 17, 2018. (Id. at 3.) Accordingly, the court finds that petitioner has failed to show that he acted diligently, and therefore is not entitled to equitable tolling based on his delay in receiving the superior court's decision.

### C. Mental Health Issues

Petitioner argues that he is entitled to equitable tolling based on his mental health issues. (ECF No. 19 at 1.) In Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit articulated the following standard for equitable tolling based on mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

Bills, 628 F.3d at 1099-1100 (footnote omitted) (citing Holland, 560 U.S. at 649).

8

Petitioner has not included any facts explaining how his mental health issues prevented him from filing a timely petition. In the absence of such facts the court is unable to find that petitioner should be entitled to equitable tolling. See Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001) (conclusory assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling).

### D. Lack of Legal Training

Petitioner argues that he is entitled to equitable tolling because he is unskilled in the law. (ECF No. 19 at 2.) However, petitioner's lack of legal knowledge or sophistication is not an extraordinary circumstance that warrants equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the limitations period); Rodriguez v. Walker, 2010 WL 3943629, at * 5 (E.D.Cal. Oct.4, 2010) (petitioner's indigent status and limited legal knowledge are not extraordinary circumstances since they are shared by the vast majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus); see also Barrow v. New Orleans Steamship Association, 932 F.2d 473, 478 (5th Cir.1991) (neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling). Petitioner is not entitled to equitable tolling based on his assertion that he does not have any legal training.

### CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 18) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 3, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habes/will2841.mtd.f&rs